IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| TRIUNE HEALTH GROUP, INC., *et al.*, ) | |
| ) | Case No. 1:12-cv-06756 |
| Plaintiffs, ) | |
| v. ) | |
| SYLVIA M. BURWELL, *et al.*, ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR ENTRY OF PERMANENT
INJUNCTION AND FINAL JUDGMENT**

Defendants hereby move the Court to enter the attached Injunction and Judgment in favor of plaintiffs on their Religious Freedom Restoration Act ("RFRA") claim.[1] The Injunction and Judgment indicates that it is entered "[i]n light of the Supreme Court's decision in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), and pursuant to defendants' consent." It provides that "judgment is entered in favor of plaintiffs and against defendants on plaintiffs' claim under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq*." and dismisses all other claims against defendants. It further provides that defendants are "permanently enjoined" from enforcing the "June 30, 2014 Contraceptive Coverage Requirement," which is defined in the Injunction and Judgment to include "those provisions of federal law in existence on June 30, 2014, when the Supreme Court decided *Hobby Lobby*, that require plaintiff Triune Health Group, Inc. to provide its employees with health coverage for contraceptive methods,

---

[1] The schedule proposed by the parties, and adopted by the Court, calls for the parties to file opening briefs in support of their respective positions regarding the entry of a permanent injunction, followed by response briefs. *See* Minute Entry, ECF No. 106 (June 24, 2015). In light of *Chathas v. Local 134 IBEW*, 233 F.3d 508 (7th Cir. 2000), which is discussed below, defendants believe it is appropriate, as a procedural matter, for their opening brief to be accompanied by a motion for entry of permanent injunction and final judgment.

sterilization procedures, and related patient education and counseling to which plaintiffs object on religious grounds." The permanent injunction makes clear, however, that it "does not apply with respect to any changes in statute or regulation that are, or were, enacted or promulgated after the Supreme Court issued its decision in *Hobby Lobby*, including the Final Rules, Coverage of Certain Preventive Services Under the Affordable Care Act, 80 Fed. Reg. 41,318 (July 14, 2015), which provide accommodations to certain closely held for-profit entities that object to providing contraceptive coverage based on their owners' religious beliefs."

As explained more fully below, defendants' proffered Injunction and Judgment complies with the requirements of Federal Rule of Civil Procedure 65(d) and provides plaintiffs with the relief requested in their Amended Complaint. Any broader injunction—including one that contains factual findings, or would enjoin application of the recently promulgated final rules that provide accommodations to certain closely held for-profit entities, or would enjoin application of any future statute or regulation—would be improper. Indeed, in all but one of the 43 cases brought by for-profit companies challenging the contraceptive coverage requirement that have proceeded to final judgment, district courts have entered permanent injunctions and final judgments similar to the one proposed by defendants here—i.e., without factual findings and limited to the law addressed by the Supreme Court in *Hobby Lobby*. *See infra* n.3, 6 (citing cases).[2]

Federal Rule of Civil Procedure 65(d)(1) provides that "[e]very order granting an injunction . . . must (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by reference to the complaint or other document—the act

---

[2] There are three additional for-profit cases awaiting final judgment. In one case, the parties have briefed the scope of the permanent injunction and are awaiting a decision by the district court. *See Bindon v. Burwell*, No. 1:13-cv-01207 (D.D.C.). In the second case, the parties are submitting briefs on the scope of the permanent injunction. *See Ozinga v. HHS*, No. 1:13-cv-03292 (N.D. Ill.). In the third case, the parties are attempting to reach agreement on the scope of the permanent injunction. *See Annex Medical, Inc. v. Burwell*, No. 0:12-cv-02804 (D. Minn.).

or acts restrained or required." The Seventh Circuit has made clear that the "reasons why [an injunction] issued," Fed. R. Civ. P. 65(d)(1)(A), "need not take the form of" factual findings or "findings that the defendant violated the law." *Chathas*, 233 F.3d at 513. "The reason for the injunction might simply be that the defendant ha[s] consented to its entry." *Id*. Indeed, where, as here, the defendant has consented to the entry of a permanent injunction and final judgment that is consistent with the relief sought by the plaintiff in its complaint, a court is not permitted to make additional findings, because the controversy is moot. As the Seventh Circuit explained, a party cannot "force his opponent to confess to" specified facts or to "having violated the law." *Id*. at 512. "[I]f the defendant has . . . thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law. Such an opinion would be merely an advisory opinion, having no tangible, demonstrable consequence, and is prohibited." *Id*.

Consistent with this precedent, the Injunction and Judgment that defendants ask the Court to enter does not contain any factual findings, but rather, indicates that it is issued "pursuant to defendants' consent." Nothing more is required or permitted. Plaintiffs cannot force defendants to confess to any facts in the Amended Complaint or otherwise. Nor does the Court have jurisdiction to resolve any disputed facts now that defendants have consented to the entry of a permanent injunction and final judgment that grants plaintiffs the relief requested in their Amended Complaint. The Court therefore should reject plaintiffs' invitation to resolve any factual disputes, which are now moot, and should enter the Injunction and Judgment proffered by defendants. *See Chathas*, 233 F.3d at 511-13 (affirming district court's entry of a permanent injunction proffered by the defendants over the plaintiffs' objection in similar circumstances: the

3

defendants consented to entry of the injunction and plaintiffs objected because the injunction did not contain "a finding . . . that the defendants had violated the law"); *Eureka V LLC v. Town of Ridgefield*, 289 F.R.D. 27, 34-40 (D. Conn. Sept. 28, 2012), *aff'd*, 535 F. App'x 41 (2d Cir. Oct. 10, 2013) (same).[3]

The permanent injunction also should be limited to the law addressed by the Supreme Court in *Burwell v. Hobby Lobby*, 134 S. Ct. 2751 (2014), and challenged in plaintiffs' Amended

---

[3] None of the 43 permanent injunctions entered by district courts in other for-profit contraceptive coverage cases have included factual findings like those defendants anticipate plaintiffs will propose here. *See* Order, *Tyndale House Publishers, Inc. v. Burwell*, No. 1:12-cv-01635, ECF No. 53 (D.D.C. July 15, 2015); Order, *Hobby Lobby Stores, Inc. v. Burwell*, No. 5:12-cv-01000, ECF No. 98 (W.D. Okla. Nov. 19, 2014); Final J. & Order, *Tonn & Blank Constr., LLC v. Burwell*, No. 1:12-cv-00325, ECF No. 56 (N.D. Ind. Nov. 6, 2014); Mem. Op. and Order & J., *Johnson Welded Prods., Inc. v. Burwell*, No. 1:13-cv-00609, ECF Nos. 10, 11 (D.D.C. Oct. 24, 2014); Order and Am. Final J., *Armstrong v. Burwell*, No. 1:13-cv-00563, ECF No. 78, 82 (D. Colo. Sept. 29, 2014 and Oct. 7, 2014); Inj. & J., *Grote Indus., LLC v. Burwell*, No. 4:12-cv-00134, ECF No. 66 (S.D. Ind. Apr. 30, 2015); Order & J., *Midwest Fastener Corp. v. Burwell*, No. 1:13-cv-01337, ECF No. 21 (D.D.C. Oct. 24, 2014); Order, *Randy Reed Auto., Inc. v. Burwell*, No. 5:13-cv-06117, ECF No. 29 (W.D. Mo. Nov. 12, 2014); Order, *Sioux Chief Mfg. Co. v. Burwell*, No. 4:13-cv-00036, ECF No. 19 (W.D. Mo. Nov. 12, 2014); Order, *Conestoga Wood Specialties Corp. v. Burwell*, No. 5:12-cv-06744, ECF No. 82 (E.D. Pa. Oct. 2, 2014); Permanent Inj. Order, *Geneva College v. Burwell*, No. 2:12-cv-00207, ECF No. 125 (W.D. Pa. Oct. 10, 2014); Order & Inj., *Sharpe Holdings, Inc. v. HHS*, No. 2:12-cv-00092, ECF No. 102 (E.D. Mo. Feb. 13, 2015); Inj. & J., *Am. Pulverize Co. v. HHS*, No. 6:12-cv-03459, ECF No. 19 (W.D. Mo. Oct. 30, 2014); Inj. & J., *Autocam Corp. v. Burwell*, No. 1:12-cv-01096, ECF No. 76 (W.D. Mich. Jan. 5, 2015); Inj. & J., *Barron Indus., Inc. v. Burwell*, No. 1:13-cv-01330, ECF No. 10 (D.D.C. Oct. 27, 2014); Order of Inj. & J., *Beckwith Elec. Co. v. Burwell*, No. 8:13-cv-00648, ECF No. 52 (M.D. Fla. Feb. 10, 2015); Consent Inj. & J., *Bick Holdings, Inc. v. Burwell*, No. 4:13-cv-00462, ECF No. 24 (E.D. Mo. Nov. 18, 2014); Inj. & Partial J., *Briscoe v. Burwell*, No. 1:13-cv-00285, ECF No. 70 (D. Colo. Jan. 27, 2015); Permanent Inj. & J., *C.W. Zumbiel Co. v. HHS*, No. 1:13-cv-01611, ECF No. 19 (D.D.C. Nov. 3, 2014); Order for Inj. & J., *Doboszenski & Sons, Inc. v. Burwell*, No. 0:13-cv-03148, ECF No. 15 (D. Minn. Nov. 19, 2014); Inj. & J., *Domino's Farms Corp. v. Burwell*, No. 2:12-cv-15488, ECF No. 54 (E.D. Mich. Dec. 3, 2014); Inj. & J., *Eden Foods, Inc. v. Burwell*, No. 2:13-cv-11229, ECF No. 39 (E.D. Mich. Feb. 12, 2015); Order for Inj. & J., *Feltl & Co., Inc. v. Burwell*, No. 0:13-cv-02635, ECF No. 15 (D. Minn. Nov. 26, 2014); Order, *Gilardi v. HHS*, No. 1:13-cv-00104, ECF No. 49 (D.D.C. Oct. 20, 2014); Order for Inj. & J., *Hall v. Burwell*, No. 0:13-cv-00295, ECF No. 13 (D. Minn. Nov. 26, 2014); Inj. & J., *Hartenbower v. Burwell*, No. 1:13-cv-02253, ECF No. 34 (N.D. Ill. Nov. 3, 2014); Order, *Hastings Chrysler Ctr., Inc. v. Burwell*, No. 0:14-cv-00265, ECF No. 38 (D. Minn. Dec. 11, 2014); Inj. & J. Order, *Holland v. HHS*, No. 2:13-cv-15487, ECF No. 52 (S.D. W.Va. May 29, 2015); Order of Inj., *Korte v. HHS*, No. 3:12-cv-01072, ECF No. 89 (S.D. Ill. Nov. 7, 2014); Inj. & J. as to Pls. Weingartz Supply Co. & Daniel Weingartz, *Legatus v. Burwell*, No. 2:12-cv-12061, ECF No. 98 (E.D. Mich. Dec. 31, 2014); Inj. & J., *Lindsay v. Burwell*, No. 1:13-cv-01210, ECF No. 50 (N.D. Ill. Dec. 3, 2014); Order for Inj. & J., *Medford v. Burwell*, No. 0:13-cv-01726, ECF No. 20 (D. Minn. Nov. 19, 2014); Inj. & J., *Mersino Dewatering, Inc. v. Burwell*, No. 2:13-cv-15079, ECF No. 9 (E.D. Mich. Feb. 27, 2015); Inj. & J., *Mersino Mgmt. Co. v. Burwell*, No. 2:13-cv-11296, ECF No. 37 (E.D. Mich. Feb. 4, 2015); Stipulated Order & J., *M.K. Chambers Co. v. Burwell*, No. 2:13-cv-11379, ECF No. 54 (E.D. Mich. Nov. 21, 2014); Inj. & J., *M&N Plastics, Inc. v. Burwell*, No. 5:13-cv-14754, ECF No. 10 (E.D. Mich. Nov. 17, 2014); Inj. & J., *O'Brien v. HHS*, No. 4:12-cv-00476, ECF No. 64 (E.D. Mo. Nov. 12, 2014); Order for Inj. & J., *SMA, LLC v. Burwell*, No. 0:13-cv-01375, ECF No. 16 (D. Minn. Nov. 20, 2014); Order & Inj., *Stewart v. Burwell*, No. 1:13-cv-01879, ECF No. 9 (D.D.C. Feb. 2, 2015); Order for Inj. & J., *Stinson Elec., Inc. v. Burwell*, No. 0:14-cv-00830, ECF No. 18 (D. Minn. Nov. 18, 2014); Order, *Williams v. Burwell*, No. 1:13-cv-01699, ECF No. 11 (D.D.C. Nov. 5, 2014); Am. Order, *Willis & Willis PLC v. Burwell*, No. 1:13-cv-01124, ECF No. 17 (D.D.C. Oct. 31, 2014). For the Court's convenience, all of these orders are attached to this motion.

4

Complaint, and should not extend to any post-*Hobby Lobby* changes in statute or regulation, including the recently promulgated final rules that provide accommodations to certain closely held for-profit entities that object to providing contraceptive coverage based on their owners' religious beliefs. Plaintiffs' Amended Complaint challenges the "Final Rule . . . promulgated by the federal defendants on February 15, 2012," which did not provide any accommodation to closely held for-profit entities that object to providing contraceptive coverage. Am. Compl. ¶ 6, ECF No. 21 (Oct. 15, 2012). Plaintiffs cannot obtain—and defendants do not consent to—an injunction that extends to regulations that did not exist when plaintiffs filed their Amended Complaint and that were not challenged in the Amended Complaint. *See Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989) (concluding injunction that prohibited conduct not challenged in the complaint was too broad); *Bowles v. Montgomery Ward & Co.*, 143 F.2d 38, 42 (7th Cir. 1944) ("An injunction [should not] be broader than the illegal acts or practices charged or proven."); *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 128 (4th Cir. 2011) (observing that an injunction may "address only the circumstances of the case"); *Panhandle E. Pipe Line Co. v. Beaupre*, 2013 WL 3380198, at *4 (C.D. Ill. July 8, 2013) (refusing to enter an injunction that is "broader than the specific controversy before the Court").

In *Hobby Lobby*, the Supreme Court held that the Affordable Care Act's contraceptive coverage requirement violated RFRA with respect to certain closely held for-profit entities that, under the regulations challenged in that case and here, cannot opt out of the requirement. 134 S. Ct. at 2759-60, 2782, 2785. The existence of regulatory accommodations permitting certain nonprofit organizations to opt out of the requirement, *see* 78 Fed. Reg. 39,870, 39,874-88 (July 2, 2013); *see also* 79 Fed. Reg. 51,092 (Aug. 27, 2014) (interim final regulations augmenting the nonprofit accommodations), was crucial to the Supreme Court's decision in large part because

the Court found that the opt-out provisions for nonprofits constituted a less restrictive means of furthering the government's compelling interests. The Court explained that the opt-out regulations "effectively exempt[]" organizations that are eligible for accommodations. *Hobby Lobby*, 134 S. Ct. at 2763. It emphasized that the opt-out regulations "seek[] to respect the religious liberty of religious nonprofit corporations while ensuring that the employees of [such] entities have precisely the same access to all [Food and Drug Administration (FDA)]-approved contraceptives as employees of companies whose owners have no religious objections to providing such coverage." *Id*. at 2759.

       The Supreme Court described the opt-out regulations for nonprofit organizations as "an approach that is less restrictive than requiring employers to fund contraceptive methods that violate their religious beliefs." *Id*. at 2782. The Court reasoned that the accommodations available to eligible nonprofit organizations "serve[] [the government's] stated interests equally well" as the requirement applicable to for-profit entities because "female employees" of eligible nonprofits "continue to receive contraceptive coverage without cost sharing for all FDA-approved contraceptives, and . . . face minimal logistical and administrative obstacles" in obtaining the coverage. *Id*. (quotation omitted). Thus, the Court's conclusion that the contraceptive coverage requirement "is unlawful" under RFRA as applied to certain closely held for-profit entities rested on its recognition that the accommodations available to religious nonprofits "constitute[] an alternative that achieves all of the Government's aims while providing greater respect for religious liberty." *Id*. at 2759-60. The Court went on to note that "[a]lthough [the government] has made [the accommodations] available to religious nonprofits that have religious objections to the contraceptive [coverage requirement], [the government] has provided

6

no reason why the same [accommodations] cannot be made available when the owners of for-profit corporations have similar religious objections." *Id*. at 2759.

In response to the Supreme Court's decision in *Hobby Lobby*, the defendant Departments proposed, and now have finalized, regulations that provide accommodations to certain closely held for-profit entities that have a religious objection to providing coverage for some or all contraceptive services otherwise required to be covered.[4] *See* Coverage of Certain Preventive Services Under the Affordable Care Act, 80 Fed. Reg. 41,318 (July 14, 2015). The regulations effectively exempt qualifying closely held for-profit entities from providing coverage for contraceptive services to their employees while ensuring that those employees will receive payments for such services from a third-party health insurance issuer or third party administrator. *See id*. at 41,324.

Consistent with the Supreme Court's decision in *Hobby Lobby*, and the scope of plaintiffs' Amended Complaint, the Injunction and Judgment that defendants ask the Court to enter applies only to the law addressed by the Supreme Court in *Hobby Lobby*; it does not prevent defendants from enforcing "any changes in statute or regulation that are, or were, enacted or promulgated after the Supreme Court issued its decision in *Hobby Lobby*, including the Final Rules, Coverage of Certain Preventive Services Under the Affordable Care Act, 80 Fed. Reg. 41,318 (July 14, 2015), which provide accommodations to certain closely held for-profit entities that object to providing contraceptive coverage based on their owners' religious beliefs." The new regulations are entitled to a "presumption of validity." *United Mine Workers v. Kleppe*, 561 F.2d 1258, 1263 (7th Cir. 1977); *see also Chamber of Commerce v. EPA*, 642 F.3d 192, 208 (D.C. Cir. 2011). And that presumption is bolstered here by the fact that the

---

[4] The final regulations were announced on July 10, 2015, and published in the Federal Register on July 14, 2015.

Seventh Circuit has twice upheld the denial of a preliminary injunction against enforcement of the accommodations as applied to nonprofit religious organizations. *See Univ. of Notre Dame v. Burwell*, 786 F.3d 606 (7th Cir. 2015), *pet. for reh'g en banc filed*, No. 13-3853 (July 2, 2015); *Wheaton Coll. v. Burwell*, 2015 WL 3988356 (7th Cir. July 1, 2015).[5]

To be clear, defendants are not asking the Court to opine on the validity of the recently promulgated regulations that provide accommodations to certain closely held for-profit entities. Doing so would exceed the Court's jurisdiction, as plaintiffs have not challenged those new regulations in this case. Plaintiffs, moreover, are free to file a new case challenging the new regulations should they choose to do so, as defendants' proffered Injunction and Judgment makes clear. Defendants instead seek to ensure that, as required by Rule 65(d), the scope of the permanent injunction is well-defined and limited to the law that was before the Supreme Court in *Hobby Lobby* and that is before this Court in this case, so that defendants are not required to come back to the Court to seek relief from the injunction before enforcing the new regulations. *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("Rule [65(d)] was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood."); *In re Energy Co-op, Inc.*, 886 F2d 921, 930 (7th Cir. 1989) ("Language delimiting the scope of the injunction . . . should be explicit and unambiguous.").

---

[5] Other courts of appeals have done the same. *See Priests For Life v. U.S. Dep't of Health & Human Servs.*, 772 F.3d 229 (D.C. Cir. 2014), *reh'g en banc denied*, Nos. 13-5368, 13-5371, 14-5021 (May 20, 2015), *pets. for cert. filed,* Nos. 14-1453, 14-1505; *Geneva Coll. v. Secretary, U.S. Dep't. of Health & Human Servs.*, 778 F.3d 422 (3d Cir. 2015*), reh'g en banc denied*, Nos. 14-1376, 14-1377 (Apr. 6, 2015), Nos. 13-3536, 14-1374 (Apr. 13, 2015), *pet. for cert. filed*, No. 14-1418; *East Texas Baptist Univ. v. Burwell*, 2015 WL 3852811 (5th Cir. June 22, 2015), *pet. for cert. filed*; *Little Sisters of the Poor Home for the Aged v. Burwell*, 2015 WL 4232096 (10th Cir. July 14, 2015); *see also Michigan Catholic Conference v. Burwell*, 755 F.3d 372 (6th Cir. 2014), *reh'g en banc denied*, Nos. 13-2723, 13-6640 (Sept. 16, 2014), *vacated*, 135 S. Ct. 1914 (2015).

All except one of the district courts that have entered permanent injunctions in other for-profit cases challenging the contraceptive coverage requirement have included language in the injunction to make clear that it applies only to the law addressed by the Supreme Court in *Hobby Lobby*, and does not extend to any post-*Hobby Lobby* changes in statute or regulation. *See supra* n.3 (citing cases); *see also* Order, *Tyndale House Publishers, Inc. v. Burwell*, No. 1:12-cv-01635, ECF No. 53, at 4 (D.D.C. July 15, 2015) (explaining that it would be "improper" to enter "an order enjoining activity beyond what the Supreme Court addressed and struck down [in *Hobby Lobby*]" and noting that "the plaintiffs' proposed injunction would conceivably enjoin regulations that could pass muster under the RFRA"); Order, *Hobby Lobby Stores, Inc. v. Burwell*, No. 5:12-cv-01000, ECF No. 98, at 2 (W.D. Okla. Nov. 19, 2014) ("While the plaintiffs' desire to avoid unnecessary future litigation is understandable, the court concludes the course of proceedings in this case is more consistent with a limited order which does not attempt to anticipate future regulatory developments. Plaintiffs' complaint challenged 'the regulations issued under the [Act]' and referred to the 'administrative rule at issue in this case ("the Mandate").' Similarly, the Supreme Court focused on the regulations . . . . A broader order enjoining any potential application of the statute thus goes beyond what has been actually decided and litigated in this case." (citations omitted)); Final J. & Order, *Tonn & Blank Constr., LLC v. Burwell*, No. 1:12-cv-325, ECF No. 56, at 7 (N.D. Ind. Nov. 6, 2014) ("Although T&B seemingly wants the Court to enjoin *any future* regulatory scheme requiring provision of religiously objectionable contraceptive services under the ACA, this lawsuit was only about the regulations in existence when the United States Supreme Court rendered the *Hobby Lobby* decision on June 30, 2014, whereby for-profit employers were essentially required to fund contraceptive methods. . . . Thus, the permanent injunction will only enjoin the contraceptive

9

coverage requirements as they existed when the *Hobby Lobby* decision was rendered, and it will not apply to pending legislation or laws that may or may not be enacted." (citations omitted)). Courts have included this language both with the plaintiff's consent and over the plaintiff's objection. *See supra* n.3 (Injunctions in the first twelve cases cited were entered over plaintiff's objection; the remaining injunctions were entered with plaintiff's consent.); *see also* Order, *Tyndale House Publishers, Inc. v. Burwell*, No. 1:12-cv-01635, ECF No. 53, at 6 (D.D.C. July 15, 2015) (finding consent injunctions entered in other for-profit cases persuasive because, before entering them, the courts had an obligation to ensure that they conformed to the law). This Court should do the same.[6]

---

[6] The only exception is the permanent injunction entered in *Newland v. Burwell*, which applies to "any regulation promulgated or amended pursuant to 42 U.S.C. §§ 300gg-13(a)(4)" and requires defendants to affirmatively seek modification of the injunction if there is a change in law. *See* Permanent Inj., *Newland v. Burwell*, No. 1:12-cv-01123, ECF No. 70 (Mar. 16, 2015) (attached). Defendants believe the scope of that injunction is improper for the reasons stated above. *See also* Order, *Tyndale House Publishers, Inc. v. Burwell*, No. 1:12-cv-01635, ECF No. 53, at 7 n.3 (D.D.C. July 15, 2015) ("The permanent injunction in *Newland* is at odds with the presumption normally accorded to agency regulations."). Defendants also note that the *Newland* injunction (like all but one of the injunctions issued to date in these cases) was entered before the defendant Departments finalized new regulations to provide accommodations to certain closely held for-profit entities that have a religious objection to providing contraceptive coverage. Now that these new regulations have been finalized, the Court may not enter an injunction that prohibits defendants from enforcing them without first concluding that the new regulations are unlawful (and they are not). Defendants do not consent to such an injunction; plaintiffs do not (and have not) sought such an injunction in their Amended Complaint, which challenges different regulations; and the Seventh Circuit has upheld the validity of such regulatory accommodations for nonprofit organizations.

Respectfully submitted this 22nd day of July, 2015,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        ZACHARY T. FARDON
        United States Attorney

        JENNIFER RICKETTS
        Director

        SHEILA M. LIEBER
        Deputy Director

        /s/ Michelle R. Bennett
        MICHELLE R. BENNETT (CO Bar No. 37050)
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue N.W. Room 7310
        Washington, D.C. 20530
        Tel: (202) 305-8902
        Fax: (202) 616-8470
        Email: michelle.bennett@usdoj.gov

        Attorneys for Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

     /s/ Michelle R. Bennett
MICHELLE R. BENNETT
Trial Attorney