**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| CHRISTOPHER YEP, MARY ANNE YEP and TRIUNE HEALTH GROUP, LTD., *an Illinois Corporation,* | ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 1:12-cv-06756 |
| v. | ) | Hon. Andrea R. Wood |
| SYLVIA M. BURWELL,[1] *et al.,* | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**PLAINTIFFS' MOTION FOR LOCAL RULE 5/
1. FED. R. CIV. P. 16 PRE-TRIAL SETTLEMENT CONFERENCE**

NOW COME Plaintiffs CHRISTOPER YEP, MARY ANNE YEP AND TRIUNE

HEALTH GROUP, LTD., and for their motion for a Local Rule 5 settlement conference, or in the

alternative a Fed. R. Civ. P. 16 Pre-Trial Conference with this Court, state as follows:

1. On the grounds that, under a form of order that the Defendants have proposed the

Plaintiffs will have obtained relief at least "analogous to" that which they now enjoy under this

Court's January 3, 2013 preliminary injunction and to which, Defendants also concede, Plaintiffs

are entitled, on the authority of *Burwell v. Hobby Lobby*, 134 S. Ct. 2751 (2014).

2. As this Court has acknowledged previously, entering permanent injunctive relief

here poses difficulties for the Court. This is because, among other things, there has never been

even the most preliminary adjudication of the allegations of the complaint herein, Defendants: 1)

having never filed an answer, 2) moved for and were granted stays of these proceedings, here and

in the Seventh Circuit, on the grounds that the disposition of the *Hobby Lobby* case would

substantially resolve the key issues raised the litigation presented; and 3) the Defendants continue

to assert an unwillingness to stipulate to *any* factual basis to substantiate Plaintiffs entitlement to the permanent injunction order that the defendants have asked this Court to enter.

3.   The only authority the Defendants cite for the form of relief they pray for, is the case of *Chathas v. Local 134 IBEW*, 233 F.3d 508 (7th Cir. 2000), a case Plaintiff argue is not controlling here because here, unlike in *Chathas*, the form of relief the Defendants propose is not just to make permanent the preliminary injunction order previously drafted by the Plaintiffs and entered herein, but to enter a new and materially different form of order, and one which, Plaintiffs contend, fails to comply with Fed. R. Civ. P, 65 (d) and which even the Defendants admit will not provide Plaintiffs with permanent relief, if any relief at all.[1]

4.   That said, given that the Defendants seem to be conceding that given the *Hobby Lobby* decision the Plaintiffs have prevailed, and given further that the parties herein desire to conclude this litigation, Plaintiffs contend that there ought to be a way to legitimately accomplish those ends, albeit through an approach that meets the respective objectives of *all* of the parties for finality and not just those of the Defendants.  Problematically, it is not yet clear exactly what the Defendants actually are seeking to accomplish by the form of the order proffered.  It also does not advance fruitful settlement discussions if the parties continue to pursue their differences only in the form of ongoing, publicly filed and adversarial briefings.

5.   Previously in these proceedings, the Court offered its good offices for the purpose of discussing a settlement, if and when the parties believed it would be worthwhile to take advantage of them. Respectfully, Plaintiffs would assert that this is exactly what the parties are in

---

[1] The parties' respective arguments have been fully briefed and Plaintiffs do not intend to reiterate them here.  The recitation here is intended to constitute only as succinct and truncated summary of them.

need of at this time, and would welcome this Court, pursuant to Local Rule 5, scheduling promptly such a settlement conference, at the convenience of the Court and counsel for the Defendants.

6.   In the alternative, but for the same reasons, the Plaintiffs request the setting of the matter for a Fed. R. Civ. P. 16 Pre-trial Conference to the express end, in these circumstances, of "facilitating settlement."  Fed. R. Civ. P. 16 (a) (5), 16 (c) (2) (P).

7.   This matter currently is set for status on September 2, 2015 at 9:00 a.m.


Respectfully submitted this August 18, 2015,

*/s/ Kevin Edward White*
KEVIN EDWARD WHITE & ASSOCIATES
77 West Wacker Drive, Suite 4800
Chicago, IL 60601

Tel: (312) 606-8602/ Fax 312 606-8603

Email: kwhite@kevinedwardwhiteassociates.com

*Attorney for Plaintiffs*